IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GUSTAVO NOLASCO,<br><br>    Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO RECONSIDER**<br><br>Case No. 1:10-cr-89<br><br>Judge Clark Waddoups |

On July 25, 2019, the court reduced Mr. Nolasco's sentence from 180 months down to 147 months pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782. Mr. Nolasco filed a Motion to Reconsider on August 15, 2019. He requests leave to file an amended motion for a sentence reduction, so the entire matter may be re-briefed and redecided. He contends (1) the court should have appointed the Federal Defender's Office to handle the case; (2) Defense counsel was unaware of the case until August 13, 2019; (3) Mr. Nolasco had no opportunity to respond to the United States' brief; and (4) the court's decision was not governed by the factors stated in 18 U.S.C. § 3553(a).

I.  **GENERAL ORDER 14-005**

On October 7, 2014, then Chief Judge David Nuffer issued General Order 14-005. The General Order, in part, states:

> [T]he Office of the Federal Public Defender for the District of Utah *is appointed* to represent any defendant previously determined to

> have been entitled to appointment of counsel or found indigent by the Court (i) whose name appears on the lists of defendants potentially qualifying for a reduction of sentence . . . or (ii) who files a pro se motion for relief seeking a sentence reduction under the retroactive application of U.S.S.G. Amendment 782.

*Id.* at 1 (emphasis added). The General Order further states, "The Federal Public Defender's Office *shall represent* those defendants with respect to any possible motions for reduction of sentence," and such appointment is not terminated until the district court rules or the appellate process is completed, "unless otherwise ordered by the Court." *Id.* (emphasis added).

Mr. Nolasco was previously determined to be eligible for the appointment of counsel. He was represented by the Federal Defender's Office during his original sentencing. He was identified as being potentially eligible for a sentence reduction, and he filed a pro se motion seeking such a reduction. He therefore met all requirements under the General Order for representation by the Federal Defender's Office. Appointment occurred pursuant to that General Order and no separate appointment was necessary.

## II.  NOTIFICATION OF THESE PROCEEDINGS AND OPPORTUNITY TO REPLY

As stated above, counsel for Mr. Nolasco contends he did not become aware of these proceedings until August 13, 2019. A review of the docket receipt information, however, shows that three individuals from the Federal Defender's Office were notified electronically of Mr. Nolasco's Motion to Modify Sentence on May 23, 2019, at or about 11:06 a.m. *See* Display Receipt re Motion to Modify Sentence (ECF No. 95).[1]

---

[1] The Motion was date-stamped April 1, 2019, but it was not docketed due to prior Orders prohibiting certain filings by Mr. Nolasco. *See* Orders (ECF Nos. 93, 94). After review of the Motion, the court directed it to be docketed as of the original date the motion was received.

Thereafter, correspondence from Mr. Nolasco was docketed on June 13, 2019 (ECF No. 96). A Notice of Attorney Appearance and an amended Notice of Attorney Appearance were filed on June 26, 2019 by the United States (ECF Nos. 97, 98). The United States then filed its Response to Mr. Nolasco's Motion on July 8, 2019 (ECF No. 99), wherein the United States acknowledged Mr. Nolasco was eligible for a sentence reduction. And the Federal Defender's Office received electronic notification of each event on the day they were docketed. Notice of the proceedings therefore occurred on five occasions between May 23, 2019 and July 8, 2019. Consequently, while present counsel may not have learned about the proceedings until August 13, 2019, such lack of information was not due to the Federal Defender's Office failing to receive notice of these proceedings.

Because the Federal Defender's Office was on notice of these proceedings, Mr. Nolasco, through counsel, had the opportunity to file a reply to the United States' brief. No opportunity was taken, and the court did not bear the burden of asking whether the Federal Defender's Office intended to file a reply before it issued its ruling on July 25, 2019.

## III. SECTION 3553 FACTORS

Finally, Mr. Nolasco contends the factors under 18 U.S.C. § 3553 were not considered when the court determined a sentence of 147 months was appropriate. All factors were considered and weighed as a necessary part of determining whether Mr. Nolasco should receive any sentence reduction. Mr. Nolasco committed a serious crime involving an intent to distribute 801.7 grams of actual methamphetamine. Letters of support for Mr. Nolasco speak about him being a family man. The court has no reason to doubt Mr. Nolasco's care for his family. That does not negate,

3

however, that Mr. Nolasco disregarded the harm other families would experience had he been able to distribute 801.7 grams of methamphetamine. He committed a serious crime.

Moreover, Mr. Nolasco previously was convicted for possessing another large quantity of drugs to sell. Less than seven months after his release and while he was still on probation, Mr. Nolasco was arrested for the present crime. His prior conviction and imprisonment did not deter him from committing another serious crime later. Due to the large quantity of the drugs at play, deterring Mr. Nolasco from future similar activities is an important factor.

It also is significant that Mr. Nolasco was subject to a mandatory minimum sentence of 240 months had the United States sought an enhancement. In exchange for his plea, however, the United States agreed not to seek that enhancement. Mr. Nolasco benefitted substantially from that agreement because his sentence was reduced initially by five years. Although he is eligible (as opposed to entitled) to receive a sentence reduction, that does not mean the court must discount the benefits he received from his plea agreement. *See United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018) (citations omitted).

The seriousness of Mr. Nolasco's crime, his criminal history and apparent lack of deterrence, as well as the potential sentence had an enhancement been sought were all reflected in the United States' Response. *See generally* Response to Mot. (ECF No. 99). The court also reviewed and considered Mr. Nolasco's Motion and all attachments to it, including the report about his good conduct, attendance at religious services, and report of him working while in prison.

Having reviewed Mr. Nolasco's Motion; the Motion's attachments; the United States' Response; and all documents referenced in the Response, including Mr. Nolasco's pre-sentence report and attachments thereto, the court was informed about this case before it issued its ruling.

It took into account all relevant factors under § 3553(a) and weighed them when reaching its decision. It then adopted the United States' reasoning and imposed a new sentence of 147 months.

It bears noting Mr. Nolasco's sentence is 12-months above the minimum guideline range of 135 months, and that Mr. Nolasco's amended sentence cannot be reduced below 135 months. *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (stating "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range") (quotations and citation omitted)). Based on the seriousness of Mr. Nolasco's crime, his criminal history, the benefits he received from his plea agreement, and all other relevant § 3553(a) factors, the court concluded Mr. Nolasco should receive a sentence higher than the minimum.

To the extent § 3553 was not expressly referenced, outside of noting it was part of the consideration when determining a new sentence, the court hereby incorporates this memorandum decision into its previous Order and reaffirms its conclusion that a sentence of 147 months is appropriate.

## **CONCLUSION**

For the reasons stated above, the court DENIES the Mr. Nolasco's Motion to Reconsider (ECF No. 102).

DATED this 18th day of September, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge